

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Lucas v. Twp of Bethel

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lucas v. Twp of Bethel" (2005). *2005 Decisions*. Paper 1206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1128

———————

WILLIAM A. LUCAS; AUGUST LUCAS;
DAVID J. KUSHON; JANIE B. KUSHON,

Appellants

v.

TOWNSHIP OF BETHEL; JAMES RIEDERER;
ROBERT E. PRUNTY; MARGARETTA REED

v.

ALLEGHENY VALLEY LAND TRUST,

Third-Party-Defendant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 98-cv-01928)
District Judge:Doneta W. Ambrose

———————

Argued on January 13, 2005

BEFORE: SCIRICA, *Chief Judge*, ROTH, Circuit Judges, and
IRENAS,* District Judge

_____

     *Honorable Joseph E. Irenas, United States District Court Judge for the District of
New Jersey, sitting by designation.

Donald B. Smith, Esquire (Argued)
William C. Smith, Esquire
7800 Perry Highway
Pittsburgh, PA 15237

      Counsel for Appellants


Karen E. Chilcote, Esquire (Argued)
Dennis J. Mulvihill, Esquire
Robb, Leonard & Mulvihill
One Mellon Bank Center, Suite 2300
Pittsburgh, PA 15219

Daniel M. Taylor, Jr., Esquire (Argued)
Swartz Campbell
4750 U. S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

      Counsel for Appellees

## OPINION

**ROTH**, Circuit Judge:

This case involves a dispute between the Allegheny Valley Land Trust (AVLT),

the Township of Bethel, and various individual landowners over a former railroad grade

and materials removed from it. The background of this case is discussed in detail in this

Court's opinion in Lucas v. Township of Bethel, 319 F.3d 595 (3d Cir. 2002) (Lucas I).

2

The question before this Court is whether the District Court properly granted summary judgment against Plaintiffs' claims under 42 U.S.C. § 1983 and properly declined to exercise jurisdiction over Plaintiffs' pendent state law claims. For the reasons that follow, the District Court's grant of summary judgment and remand of the state law claims will be affirmed.

After this Court remanded this case in Lucas I, the District Court adopted the Report and Recommendation of a Magistrate, granting summary judgment for AVLT and the Township on Plaintiffs' federal claims and remanding the state law claims to the Pennsylvania Court of Common Pleas. Plaintiffs claimed that they suffered constitutional violations due to entry onto the right of way and removal of materials from the right of way and were entitled to relief under 42 U.S.C. § 1983. The Magistrate concluded that any entry onto the right of way would not constitute a federal violation but, rather, only implicates the state law of trespass. The Magistrate also concluded that the materials removed from the right of way were ballast, which was personalty rather than a part of the right of way. Thus, the Magistrate concluded, Plaintiffs' failure to produce evidence that the ballast was anything but materials originally deposited by the railroad means that they did not support a federal claim. The Magistrate then concluded that the law of supplemental jurisdiction required the remaining state law claims to be remanded to the state court.

As explained in Lucas I, the District Court had federal question jurisdiction over

3

Appellants' claims pursuant to 42 U.S.C. § 1983 and pendent jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). This Court has jurisdiction over the appeal from the District Court's grant of summary judgment and remand of the state law claims pursuant to 28 U.S.C. § 1291.

The standard of review from a grant of summary judgment is plenary. Gottshall v. Consolidated Rail Corp., 56 F.3d 530, 533 (3d Cir. 1995). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing the District Court's grant of summary judgment, this Court must view the facts in a light most favorable to the non-moving party. Id. This Court employs an abuse of discretion standard to review a district court's decision to decline jurisdiction over a pendent claim. Edelstein v. Wilentz, 812 F.2d 128, 133-34 (3d Cir. 1987).

## I. Summary Judgment

The District Court concluded that, even if Plaintiffs could show ownership of the right of way, the Township's entry would only constitute trespass. This conclusion was correct, as Plaintiffs did not state a constitutional deprivation in this regard. Plaintiffs did attempt to state a deprivation, however, regarding the removal of materials from the right of way. A review of the District Court's decision reveals that there was sufficient evidence to support the District Court's finding that the materials were ballast and did not belong to Plaintiffs and that the District Court correctly concluded that the removal of

4

ballast was the only basis for Plaintiffs' federal claims.

The District Court concluded that there was no factual issue that the materials removed from the right of way by the Township were materials originally deposited by Conrail or its predecessors. Although Plaintiffs allege in their briefs that there is evidence that the removed materials did not originate with the railroad, the record does not reveal any factual evidence and Plaintiffs could not point to any evidence at oral argument in support of this position. Further, there is uncontroverted testimony in support of the Township's position that only ballast materials, consistent with those deposited by railroads, were removed from the right of way. Thus, there is no issue of material fact that only ballast was removed from the right of way.

The District Court, having found no issue of fact regarding the content of materials removed from the right of way and no issue of fact that the ballast was originally deposited by the railroad, concluded that Plaintiffs had not shown that they owned the ballast, regardless of whether they owned the right of way. The District Court's conclusion relied on In the Matter of Reading Company, 77 B.R. 452 (E.D.Pa. 1987). Reading stands for the proposition that ballast is personalty rather than real property and, if ballast is brought onto the right of way by a railroad, it retains its nature as personalty. Reading, 77 B.R. at 454. Thus, so long as the railroad has an ownership interest in the ballast, it can remove the ballast from the right of way, regardless of whether the railroad has an ownership interest in the right of way. Reading, 77 B.R. at 455.

5

The District Court's legal conclusion that the ballast is personalty that can be removed was correct. There is no issue of fact that the materials removed from the right of way were ballast and that this ballast was put on the right of way by the railroad. Thus, the ballast retained its nature as personalty and could be conveyed to AVLT by the railroad and Plaintiffs have not shown an issue of fact in support of their federal claim regarding the ballast. Thus, the only remaining issue to be resolved is the ownership of the property itself, which is an issue that remains only under the state law doctrine of abandonment.

## II. Jurisdiction Over State Law Claims

The District Court concluded that because Plaintiffs had not raised an issue of fact regarding a federal claim, its original jurisdiction was extinguished, and the case should be remanded to the state court. See 28 U.S.C. § 1367(c)(3), Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (1995)(holding that when original jurisdiction claims are dismissed before trial, the district court must decline to exercise jurisdiction over pendent state claims unless there is an affirmative justification for doing so). Plaintiffs argue that the District Court should exercise jurisdiction because the issue of abandonment involves both federal and state law and because there is a potential conflict between this Court's decision in Lucas I and a Pennsylvania decision, Buffalo Township. v. Jones, 571 Pa. 637, 813 A.2d 659 (Pa. 2003).

Plaintiffs suggest that the potential conflict between the Pennsylvania Supreme

6

Court ruling in Buffalo Township and this Court's decision in Lucas I is a sufficient justification for the District Court to exercise supplemental jurisdiction. Plaintiffs' argument overstates the holding of Buffalo Township, which is not incompatible with Lucas I. Lucas I held that the jurisdiction of the Interstate Commerce Commission (ICC) is extinguished after it unconditionally authorizes a railroad's abandonment, if the railroad has not asked the ICC to intervene and prevent abandonment under the National Trail Systems Act, 16 § U.S.C. 1247(d). This Court's conclusion reflects the fact that, although the broad issue of ownership of rights of way by railroads is covered by both federal law, in the form of ICC regulation, and state law, in the area of property rights, the issue of abandonment is not a mixed question of federal and state law. Rather, once the regulatory oversight of the ICC ends, as it has in this case, the issue of who owns a right of way is decided as a matter of state law.

Buffalo Township holds that, when adjudicating whether a right of way has been abandoned by a railroad, Pennsylvania law requires consideration of whether there was an intention to abandon the property and external acts by which such abandonment was carried out. See Lawson, 417 A.2d at 160. The court further held that the intent to abandon is determined by a variety of factors, including whether the railroad filed a request to abandon with the ICC, salvaged the rails from the right of way, and negotiated with a third party for an alternate use of the land. Buffalo Township, 813 A.2d at 665. Thus, these two holdings are not incompatible, as Plaintiffs suggest, and certainly do not

7

justify the District Court exercising jurisdiction if only pendent state law claims remain. In addition, because there is a related state court action in this case, it would be in the interest of judicial efficiency for the state courts to consider the claims arising out of this dispute in their entirety.

### III.Conclusion

The District Court did not err in finding that Plaintiffs have not presented a material issue of fact regarding their federal claims. In addition, the District Court did not err in declining to exercise supplemental jurisdiction over the remaining state law claims. Thus, the District Court's decision is affirmed.